IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VARDAN GRIGORIAN | : | CIVIL ACTION |
| | : | NO. 10-3441 |
| v. | : | |
| | : | |
| JOHN MORTON | : | |

O'NEILL, J.                                                                                                      JULY 23, 2010

## MEMORANDUM

On July 13, 2010, petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and an accompanying emergency motion to stay deportation. Presently before me are the petition and emergency motion as well as briefs filed by both parties addressing whether I have jurisdiction over this case. For the following reasons, I will transfer the case to the Middle District of Pennsylvania.[1]

## BACKGROUND

Petitioner, an Armenian citizen, came to the United States on December 26, 1992. He entered the country on a B-2 visitor visa, which authorized him to remain in the United States until June 25, 1993. See Order of the Immigration Judge at 2, Apr. 14, 2004. Petitioner remained in the United States beyond that date without permission. See id. (noting petitioner's concession of removability).

On July 8, 2003, the Department of Homeland Security initiated removal proceedings against petitioner in Los Angeles, California. See id. Petitioner was represented in the removal proceedings by attorney Sassoun A. Nalbandian. See id. at 1. Petitioner conceded removability

---

[1] I initially scheduled a hearing on the question of whether I have subject matter jurisdiction over this matter. Because I have concluded that the case should have been filed in the Middle District of Pennsylvania, I will cancel the hearing in order to allow petitioner as much time as possible to pursue his claims in the appropriate venue.

before the Immigration Judge, see Hr'g Tr. at 2, Aug. 28, 2003 ("We admit allegations 1 through 4 and concede removability."), but applied for asylum, withholding of removal and relief under Article III of the Convention Against Torture, Sen. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85. On April 14, 2004, after four hearings on this issue, the Immigration Judge denied all three applications. See Order of the Immigration Judge at 11-12, Apr. 14, 2004. Petitioner appealed the decision to the Board of Immigration Appeals. On June 28, 2005, the Board affirmed the Immigration Judge's decision and dismissed the appeal. See Board of Immigration Appeals Order, Jun. 28, 2005.

This unfavorable outcome caused petitioner to be concerned about Nalbandian's competency. He thus sought a second opinion from attorney Yefim M. Shlionsky, who assured petitioner that he was "absolutely competent" to assist him. Shlionsky advised petitioner that he should not file an appeal in the Court of Appeals but should instead file a motion to reconsider the Board's decision. Petitioner paid Shlionsky $1000.00 to draft the proposed motion. On July 27, 2005, petitioner filed pro se the motion drafted by Shlionsky. On September 23, 2005, petitioner, now being represented by attorney Ruben N. Sarkisian, filed a motion to reopen the proceedings. The Board denied both motions. See Board of Immigration Appeals Order, Sep. 30, 2005. Later, petitioner was informed that Shlionsky, despite his assurances to the contrary, was neither competent nor even admitted to the bar when he provided legal assistance to petitioner. As a result of Shlionsky's advice, petitioner asserts that he is now time barred from pursuing judicial review in the Court of Appeals of the administrative decision.[2]

---

[2] Petitioner's right to appeal to the Court of Appeals is governed by 8 U.S.C § 1252(b)(1), which requires a petition for review to be filed within thirty days of the date of the final order of removal.

Sarkisian asserts that he did not receive notice of the BIA's September 30, 2005 decision until November 17, 2005. On December 2, 2005, he consequently filed with the BIA a motion to reconsider or, alternatively, to reissue the decision. On February 8, 2006, the BIA denied petitioner's alternative motions.

Petitioner appealed the BIA's February 8, 2006 decision to the Court of Appeals for the Ninth Circuit. He argued that the BIA abused its discretion in denying the motion to reissue and in failing to reopen the proceedings sua sponte. The Ninth Circuit found both arguments unpersuasive. See Grigorian v. Att'y Gen., No. 06-71144, 269 Fed. App'x. 671, 672 (9th Cir. Feb. 26, 2008).

Petitioner is presently in the custody of the Bureau of Immigration and Customs Enforcement at the Pike County Correctional Facility located in the Middle District of Pennsylvania. On June 23, 2010, he filed with the BIA another motion to reopen, this time arguing that Shlionsky's advice constituted ineffective assistance of counsel in that by filing a motion for reconsideration with the Board he is now time-barred from filing an appeal to the Court of Appeals. Petitioner asserts that the motion to reopen is presently pending before the Board. .

ANALYSIS

Petitioner asserts two grounds upon which he argues I should issue a writ of habeas corpus. First, he argues that his removal would be in violation of his Fifth Amendment right to due process of law and seeks in this habeas petition an Order staying his removal until the motion to reopen has been decided. Second, he argues that his present detention is unlawful and asks that I order the Attorney General to release him on reasonable bond.

The government argues that I lack subject matter jurisdiction over this case and, alternatively, that this case should have been filed in the Middle District of Pennsylvania.[3] There is no dispute that petitioner is presently confined in the Pike County Correctional Facility, which is located in the Middle District. The government relies on Rumsfeld v. Padilla, 542 U.S. 426 (2004), for the proposition that the Middle District is the appropriate venue[4] for this case to be heard. See Res. Br. at 7 n.3. I find that Padilla is distinguishable, however, because the Court there expressly declined to extend its holding to cases involving habeas petitions filed by aliens detained pending deportation. See Padilla, 542 U.S at 436 n.8 ("In Ahrens v. Clark, 335 U.S. 188 (1948), we left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation . . . . Because the issue is not before us today, we again decline to resolve it."). Instead, the holding in Padilla was limited to "core" habeas petitions–those involving challenges to "present physical confinement within the United States." See id. at 443 ("The plain language of the habeas statute thus confirms the

---

[3] I note that United States District Courts have jurisdiction to consider petitioner's argument that his present detention is unlawful. See Hosan v. I.N.S., No. 06-482, 2006 WL 2520616, at *6 (M.D. Pa. Aug. 29, 2006). Because I will transfer this case to the Middle District, I will leave to that Court the decision of whether an exercise of jurisdiction over the remainder of petitioner's claims is appropriate.

[4] There is some inconsistency in the terminology Courts use when discussing whether a habeas petition was brought in the appropriate forum. Courts apparently use the terms "venue" and "jurisdiction" interchangeably. To confuse the issue further, the term "jurisdiction," as used in this context, does not refer to a limitation on the power of the Court to hear the case. See Padilla, 542 U.S. at 451-52 (Kennedy, J., concurring) ("The phrase 'respective jurisdictions' does establish a territorial restriction on the proper forum for habeas petitions, but does not of necessity establish that the limitation goes to the power of the court to hear the case."). For the sake of simplicity, I will use the term "venue" herein. See id. at 451 ("These rules, however, are not jurisdictional in the sense of a limitation on subject-matter jurisdiction . . . . In my view, the question of proper location for a habeas petition is best understood as a question of personal jurisdiction or venue.").

general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Nevertheless, the government's position is supported by Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994). The Yi Court held that "[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district." Id. at 503. It further held that "[i]t is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action." Id. at 507.[5] These holdings compel the conclusion that the present petition should have been filed in the Middle District.

Petitioner makes two arguments in response. First, he argues that the ICE district director has legal control of petitioner and because that individual has an office in this district venue is proper here. Second, he urges me to apply the traditional venue factors to determine the appropriate venue for this case. As is readily apparent by the discussion supra, Yi is dispositive of both arguments. See id. at 503 & 507; see also Padilla, 542 U.S. at 452 (Kennedy, J., concurring) ("This does not mean that habeas petitions are governed by venue rules and venue considerations that apply to other sorts of civil lawsuits.").

In Nasereddin v. Dept. of Homeland Sec., No. 07-0877, 2007 WL 1276955 (E.D. Pa.

---

[5] I note that Yi was decided prior to the enactment of the jurisdiction stripping provisions of either the Antiterrorism and Effective Death Penalty Act of 1996, § 401(e), Pub. L. No. 104-132, 110 Stat. 1214, or the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 306, Pub L. No. 104-208, 110 Stat. 3546. Indeed, the law in effect at the time required that "judicial review of an exclusion order may be obtained only by habeas corpus proceedings and not otherwise." See Yi, 24 F.3d at 503. Although the ability of an alien to obtain habeas relief has changed considerably, I conclude that Yi's holding with respect to venue still applies in the limited circumstances where the District Court has jurisdiction over such a petition.

Apr. 27, 2007), which involved a similar factual scenario, the Court held that the case should be transferred to the Middle District. There, the petitioner, an alien who had been detained pending removal, sought a writ of habeas corpus. See Nasereddin, 2007 WL 1276955, at *1. The Court held that the appropriate venue for the claim was the Middle District because the petitioner was detained there. See id. at *2. Accordingly, it transferred the case to the Middle District. See id. (citing Yi, 24 F.3d at 507; Yakubova v. Gonzalez, No. 06-4184, 2006 WL 3407988, at *2 (E.D. Pa. Nov. 24, 2006); Valdivia v. I.N.S., 80 F. Supp. 2d 326, 333 (D.N.J. 2000); Petrova v. Dir. of I.N.S., No. 95-8002, 1996 WL 8022, at *2 (E.D. Pa. Jan. 2, 1996)).

I agree with the government that venue is improper in this district. I will therefore transfer this case to the Middle District of Pennsylvania.

An appropriate Order follows.